1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

ARTHUR RAMOS,

          Petitioner,

        v.

C. DART, Warden,

          Respondent.

Case No. CV 16-5293 SVW (MRW)

**ORDER DISMISSING HABEAS ACTION**

      The Court summarily dismisses this habeas action with prejudice for: (a) failure to state a cognizable claim; and (b) failure to prosecute.

* * *

      This is a habeas action involving a state prisoner.  In 2012, Petitioner was convicted of several gang-related murder and attempted murder charges.  The state appellate court affirmed his conviction.  The state supreme court denied review. (Petition at 2-3.)  Petitioner sought habeas review of his conviction in the state appellate court in mid-2016.  That court denied relief on procedural grounds. (Petition at 9-10.)  It does not appear that Petitioner presented a habeas petition in the state supreme court to exhaust any claims.

1    Instead, he filed this action in federal court.  The petition asserts two cursory

2    claims: (a) "inadmissible hearsay" and the alleged use of uncorroborated testimony

3    at trial; and (b) "jury's verdict was contrary to the law and evidence presented at

4    trial."  (Petition at 5.)  Notably, Petitioner identified no constitutional violation or

5    any federal legal provision related to these claims.

6    Magistrate Judge Wilner reviewed the petition shortly after its filing.

7    (Docket # 3.)  Judge Wilner observed that Petitioner asserted the same claims as

8    those he presented in an earlier petition that he voluntarily dismissed.  (Ramos v.

9    People, No. CV 16-2926 SVW (MRW) (C.D. Cal.).)  The Court further noted that

10   the new petition was facially defective because it failed to explain clearly the

11   federal constitutional claim to be asserted on habeas review.  Judge Wilner directed

12   Petitioner to submit a supplemental statement explaining: (a) the basis of his

13   claims; and (b) how Petitioner properly exhausted those claims in the state

14   supreme court.

15   The screening order expressly told Petitioner that failure to respond would

16   lead to a recommendation that the matter be dismissed for failure to prosecute

17   under Federal Rule of Civil Procedure 41.  However, to date, Petitioner filed no

18   supplemental statement in response.

19                                                  * * *

20   1.       If it "appears from the application that the applicant or person

21   detained is not entitled" to habeas relief, a court may dismiss a habeas action

22   without ordering service on the responding party.  28 U.S.C. § 2243; see

23   also Rule 4 of Rules Governing Section 2254 Cases in United States District

24   Courts (petition may be summarily dismissed if petitioner plainly not entitled to

25   relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for

26   summary dismissal to district judge "if it plainly appears from the face of the

27   petition [ ] that the petitioner is not entitled to relief").

28

2.      In order for a state prisoner to obtain habeas relief in federal court, he must properly allege that the decisions of the state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

Under AEDPA, the federal law that governs habeas petitions filed by state inmates, a petitioner must exhaust all claims as a prerequisite to a federal court's consideration of a habeas corpus petition.  28 U.S.C. § 2254(b)(1)(A).  A habeas claim will be exhausted when a prisoner fairly presents the claim to the state's highest court for consideration.  Rose v. Lundy, 455 U.S. 509 (1982).

That consideration requires that a petition be presented "to the correct forum[,] through the proper vehicle[,] and by providing the factual and legal basis for the claim[,] including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief."  Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009) (quoting Castille v. Peoples, 489 U.S. 346, 351 (1989)).  "Mere general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, do not establish exhaustion."  Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005).

A claim is not exhausted by "a petitioner's mention, in passing, of a broad constitutional concept, such as due process."  Fields v. Waddington, 401 F.3d 1018, 1021 (9th Cir. 2005).  A "conclusory, scattershot citation of federal constitutional provisions, divorced from any articulated federal legal theory," will not adequately inform a state court that a federal constitutional claim is before it.

1    Castillo, 399 F.3d at 1002.  "Exhaustion demands more than drive-by citation,

2    detached from any articulation of an underlying federal legal theory."  Id. at 1003.

3         3.    Petitioner failed to state or exhaust a cognizable claim that this Court

4    may take up on habeas review.  The brief description of his claims – "inadmissible

5    hearsay" and "jury's verdict was contrary to law and evidence" – obviously does

6    not set forth any constitutional violation.  Castillo, 399 F.3d at 1003.

7         Further, even if Petitioner did state a constitutional claim, it is not apparent

8    from the petition that he ever presented such a claim to the state supreme court as

9    required under 28 U.S.C. § 2254(b)(1)(A).  The federal claims do not match up

10   with the description of Petitioner's claims on direct appeal.  It also does not appear

11   that he ever presented a habeas action to the state supreme court for review.  As a

12   result, Petitioner has not fairly presented or exhausted his claims in the state court

13   system.  Rose, 455 U.S. at 509.  The action should be dismissed for failure to state

14   a claim that can lead to relief.

15        4.    Dismissal is also proper under Rule 41(b).  Rule 41(b) provides that if

16   a litigant "fails to prosecute or to comply with these rules or a court order, a

17   defendant may move to dismiss the action or any claim against it."  Dismissal may

18   be ordered by the Court sua sponte.  Link v. Wabash R.R., 370 U.S. 626, 629-30

19   (1962).  Dismissal of a civil action under Rule 41 may be appropriate to advance

20   the public's interest in the expeditious resolution of litigation, the court's need to

21   manage its docket, and to avoid the risk of prejudice to defendants.  Omstead v.

22   Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010).  Additionally, a court should

23   consider the public policy favoring disposition of cases on their merits and the

24   availability of less drastic alternatives in its evaluation.  Carey v. King, 856 F.2d

25   1439, 1440 (9th Cir. 1988); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir.

26   1992) (analyzing factors supporting dismissal).

27

28

Petitioner's failure to prosecute this action warrants dismissal under Rule 41(b).  Petitioner failed to respond to the Court's order requiring him to submit a supplemental statement.  That came on the heels of the earlier filing and dismissal of a habeas action that asserted the same, inadequate claims.  The public, the Court, and the California Attorney General have a significant interest in the resolution of this case.  Petitioner, by contrast, has demonstrated a lack of interest in pursuing the action.  Moreover, given Petitioner's failure to respond to the Court's order, there is no less drastic sanction available to the Court other than dismissal.  <u>Omstead</u>, 594 F.3d at 1084.  Rule 41 therefore provides an additional basis for dismissing the action.

\* \* \*

A dismissal under Rule 41(b) ordinarily "operates as an adjudication on the merits" of a claim that leads to a dismissal of the action with prejudice.  Further, the "dismissal for failure to state a claim" is "a judgment on the merits" that also operates as a dismissal with prejudice.  <u>Federated Dep't Stores, Inc. v. Moitie</u>, 452 U.S. 394, 399 n.3 (1981); <u>Maple v. Costco Wholesale Corp.</u>, ___ F. App'x ___, 2016 WL 2621345 (9th Cir. 2016) (same).

Accordingly, for the above reasons, this action is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated:     September 15, 2016

HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE